THE STATE OF OHIO, APPELLEE, *v.* STONE, APPELLANT.

(No. 74-738—Decided July 16, 1975.)

164

Mr. John T. Corrigan, prosecuting attorney, and Mr. Charles R. Laurie, for appellee.

Mr. Robert P. DeMarco, for appellant.

CORRIGAN, J. Appellant proposes one proposition of law for this court's consideration. He maintains that his guilty plea in this case was not voluntarily, knowingly and intelligently made because the record discloses only that the defendant understood his right to a jury trial and does not affirmatively disclose that: (1) Either the trial judge or defendant's counsel explained to him the facts or circumstances surrounding his plea; (2) the defendant understood he had the right to confront his accusers; (3) the defendant understood his right against self-incrimination; and (4) the defendant understood the state must prove his guilt beyond a reasonable doubt.

We disagree with that proposition for the reason that it incorrectly states the legal requirements of a voluntary, knowing and intelligent guilty plea and ignores the facts disclosed by the record in this case.

Appellant relies primarily on *Boykin* v. *Alabama* (1969), 395 U. S. 238, and *State* v. *Griffey* (1973), 35 Ohio St. 2d 101, for the proposition that the record must affirmatively disclose not only a voluntary and understanding waiver of the privilege against self-incrimination, the right to a jury trial, the right to confront one's accusers, but, also, that the court informed the defendant of the preceding enumerated rights and, in addition, counselled the defendant concerning the penalty attached to the plea and

explained that the state must prove his guilt beyond a reasonable doubt.

This proposition is incorrect. *Boykin, supra,* is distinguishable on its facts. *Boykin* involved a plea of guilty to common-law robbery for which the extreme penalty was death. The defendant, in that case, had appointed counsel but the record was silent as to whether his counsel had ever advised him of the rights waived by a plea of guilty. The record also failed to indicate whether the trial court had advised the defendant of his rights and, in fact, failed to indicate any inquiry between the court and the defendant. The United States Supreme Court held that upon those facts the defendant could not be presumed to have waived his important constitutional rights, including the privilege against self-incrimination, the right to confront his accusers, and the right to a jury trial. The *Boykin* decision did not specifically require that a defendant's rights be enumerated and explained by the trial court in all cases in order for a waiver to be knowing and voluntary. The court held only that the record must affirmatively disclose a waiver of these three rights in order for a guilty plea to be entered understandingly and voluntarily.

In *Brady* v. *United States* (1970), 397 U. S. 742, the United States Supreme Court held that, where a defendant was advised by competent counsel and was made aware of the nature of the charge against him and there was no indication that the defendant was incompetent or otherwise not in control of his faculties, a change of plea from not guilty to guilty, based upon the decision of a codefendant to plead guilty and thereby become available to testify against the defendant, was not involuntary even though his counsel had failed to anticipate a decision of the United States Supreme Court invalidating the state statute requiring the death penalty only upon the recommendation of a jury.

More importantly for the case at bar, *Brady, supra,* in discussing the intelligence aspect of the plea, implied that the aid of competent counsel and a query by the court as

to whether the defendant understood that he was admitting and confessing the truth of the charge contained in the indictment without coercion satisfied the court's duty to ascertain whether the guilty plea was intelligent and voluntary.

It should be noted that the United States Supreme Court, in *McCarthy* v. *United States* (1968), 394 U. S. 459, construed Rule 11 of the Federal Rules of Criminal Procedure to require trial courts to personally inquire of a defendant as to whether he understands the nature of the charge and the consequences of his guilty plea as well as to satisfy himself that there is a factual basis for the plea. "The judge must determine," the court stated, at page 467, citing from F. R. Crim. P. 11, " 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' " The court, however, based its holding solely upon the application of F. R. Crim. P. 11 to the facts in that case and not upon constitutional grounds.

In *Halliday* v. *United States* (1969), 394 U. S. 831, the United States Supreme Court declined to apply the decision in *McCarthy, supra,* retroactively.

The federal district court trial in *Brady, supra* (397 U. S. 742), occurred before the amendment of F. R. Crim. P. 11 in 1966, and the *Boykin* decision involved a judgment of a state trial court. These decisions and earlier decisions relating to the waiver of important constitutional rights establish the duty of trial courts in regard to the acceptance of guilty pleas.

Clearly, for a waiver of a constitutional right to be valid under the due-process clause to the United States Constitution, it must be "an intentional relinquishment or abandonment of a known right or privilege," and whether one accused of a crime has waived an important right must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. *Johnson* v. *Zerbst*

(1938), 304 U. S. 458, 464. A waiver of important constitutional rights cannot be presumed from a silent record, and when courts exercise the utmost solicitude "* * * in canvassing the matter with the accused to make sure he had a full understanding of what the plea connotes and its consequences * * * he leaves a record adequate for any later review which may be sought." *Boykin* v. *Alabama, supra,* at 244. And, where the record before the court indicates that the defendant was advised by competent counsel, made aware of the nature of the charge against him, and no evidence appeared to indicate that he was incompetent, then the defendant's choice to plead guilty in light of the availability of a codefendant to testify against him, perhaps to avoid the death penalty, was intelligently made. *Brady* v *United States, supra* (397 U. S. 742, 756).

In the case of *Johnson* v. *Ohio,* 42 L. Ed. 2d 158 (October 21, 1974), the United States Supreme Court denied a writ of certiorari in an appeal from the Court of Appeals for Clark County. In a memorandum decision, three judges dissented from the denial of certiorari. The dissent, written by Mr. Justice Douglas, indicates that the case arose when the petitioner therein sought to vacate a guilty plea on the basis that she had not been adequately advised of the rights waived thereby. The dissent related that the record in the case indicated that, before accepting petitioner's plea, the trial judge advised her of her right to be tried by a jury and confront witnesses against her. The majority of the court apparently felt that the record in the case affirmatively disclosed an intelligent and voluntary waiver of constitutional rights. The dissenters maintained that the *Boykin* enumeration of rights was illustrative, not exhaustive, and that the decision of this court in *State* v. *Griffey, supra* (35 Ohio St. 2d 101), seemed to recognize the need to accommodate additional constitutional rights other than the three mentioned in *Boykin.*

It should be noted that Crim. R. 11, effective July 1, 1973, and similar to F. R. Crim. P. 11, remedies the problems inherent in a subjective judgment by the trial court

as to whether a defendant has intelligently and voluntarily waived his constitutional rights and ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.*

Crim. R. 11 was adopted subsequent to the trial of the appellant in the instant case. The controlling decisions of this court relative to the acceptance of guilty pleas are *State* v. *Piacella* (1971), 27 Ohio St. 2d 92, and *State* v. *Griffey, supra* (35 Ohio St. 2d 101).

In *Piacella, supra,* this court held:

"Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made."

Subsequently, in *State* v. *Griffey, supra,* this court held:

---

*Ohio Crim. R. 11(C) reads:

"* * *

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

"A defendant's plea of guilty in a felony case was voluntarily, knowingly and intelligently made where the record discloses that: (1) defendant's counsel explained to him the facts and circumstances surrounding his plea; (2) the trial court inquired of defendant whether he understood that he had a right to trial by jury or to the court, and informed defendant that the state was obligated to prove his guilt beyond a reasonable doubt, and that the crime charged was an offense for which he could be incarcerated; (3) defendant indicated to the court that he understood those rights, that he was pleading guilty of his own free will and that no inducement or promise had been made to him in entering his plea; (4) defendant had already been confronted by his accusers at a preliminary hearing; and (5) the other count of a two-count indictment was nolled, indicating that defendant was motivated by a desire to seek a lesser penalty."

Neither of those decisions, however, mandate that the particular circumstances surrounding the plea or inquiries of the trial court disclosed in the records in the respective cases are constitutionally required in order for a guilty plea to be knowing, intelligent and voluntary. Rather, the inquiries of the respective defendants were undertaken by the trial courts in each case for purposes of ensuring an affirmative demonstration in the record that a guilty plea was in compliance with constitutional requirements. Likewise, the circumstances surrounding the pleas which were relevant to a demonstration of the intelligence and voluntariness of the pleas were considered by this court but are not constitutionally mandated in every case.

The federal decisions in *Boykin* and *Brady* and the memorandum decision in *Johnson* establish that trial courts must exercise the utmost solicitude in satisfying themselves that a guilty plea is understandingly and voluntarily made. Trial courts accepting guilty pleas prior to the effective date of Crim. R. 11, however, need not personally enumerate and explain every right waived and all the consequences flowing from a plea of guilty where there is

an affirmative showing in the record that the defendant knowingly, intelligently and voluntarily made a plea of guilty.

The record in the present case affirmatively shows (1) that appellant had the aid and assistance of competent, privately retained counsel at every stage of the proceedings; (2) that the case was pre-tried and appellant had an opportunity through counsel to confront his accusers; (3) that defense counsel stated to the court and the defendant that he had apprised the defendant of his constitutional rights; that he has a right to trial by jury by a plea of not guilty, or if he waives the jury, a trial to three impartial judges; (4) that counsel stated that appellant, understanding these rights, nevertheless pleaded guilty to the lesser included offense of second degree murder; (5) that the trial court inquired of the appellant if he understood what the lawyers had said, that he had a right to trial by jury or to three judges; (6) that the court told the appellant there was no indication as to what steps would be taken if the plea is forthcoming; (7) that the trial court stated to the defendant that the plea must be a voluntary act and from the defendant's own lips; (8) that the defendant stated he desired to plead guilty to second degree murder; and (9) that, upon recommendation of the assistant prosecutor, the court accepted the plea of guilty to the lesser included offense of second degree murder and the second count of the indictment was nolled.

This record, though not a model for the acceptance of a guilty plea in a felony case, nevertheless, affirmatively indicates that the appellant was advised of the rights he was waiving by competent counsel and, in part, by the trial court; that he understood the rights he was waiving, which fact was ascertained by the trial court in a personal inquiry of the defendant; that he was motivated to do so by a desire to avoid a more severe penalty; and that he did so voluntarily.

The record in this case satisfies the requirements of the *Boykin* and *Brady* decisions and is in harmony with

this court's decisions in *Piacella* and *Griffey*. The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.