THE STATE OF OHIO, APPELLEE, *v.* MOORE, APPELLANT.

(No. E-77-24—Decided November 4, 1977.)

*Mr. John E. Moyer,* for appellee.
*Mr. Jeffrey K. Furrow,* for appellant.

BROWN, J.   Defendant appeals from an Erie County Common Pleas Court judgment entered May 18, 1977, dismissing his post-conviction petition on a motion for summary judgment filed by the state. In the Common Pleas Court, defendant had entered a plea of guilty on June 5, 1967, to a charge of breaking and entering an uninhabited dwelling in the night season, a violation of former R. C. 2907.10.

As his sole assignment of error, defendant claims that his plea of guilty was entered by him in violation of the Due Process Clause of the United States Constitution and of the Ohio Constitution and is void.

Defendant's plea of guilty in 1967 was almost six years before the enactment of the Ohio Rules of Criminal Procedure and Crim. R. 11.

Defendant claims he was not advised of his privilege against self-incrimination, his right to a trial by jury, or his right to confront his accusers. Defendant also claims he was not asked if he knew the nature of the charges against him or that the state had the burden to prove defendant guilty beyond a reasonable doubt. Defendant contends the record is silent as to any waiver of these constitutional rights.

The record reveals that defendant entered his plea of guilty in open court.[1] In addition, defendant signed and filed a written waiver of his rights to be prosecuted by indictment and therein stated he was advised by his counsel of the nature of the charges.[2]

---

[1] The transcript of proceedings in the Common Pleas Court on June 5, 1967, reveals the following:

"Be it remembered, that the following proceedings were had in the above entitled case commencing at approximately 10:25 o'clock a.m., on June 5, 1967, before the Honorable James L. McCrystal, Judge of the Court of Common Pleas, Erie County, Ohio; the State of Ohio being represented by George C. Steinemann, Prosecuting Attorney of Erie County, Ohio; and the defendant, Larry Moore, being present and represented by Paul E. Work, Attorney at Law, Sandusky, Ohio.

"Mr. Work: This is Larry Moore, your Honor.

"The Court: Mr. Moore, you are charged on an Information with the crime of breaking and entering an uninhabited dwelling in the night season, the Bogart Fleetwing Service. Has Mr. Work advised you of the nature of the crime and all the possible penalties involved?

"Defendant: Yes.

"The Court: Has he advised you that you have a right to have this matter presented to the Grand Jury if you want to?

"Defendant: Yes.

"The Court: Do you want to waive the Grand Jury proceedings?

"Defendant: Yes.

"The Court: Do you want to enter a plea today?

"Defendant: Yes.

"The Court: How do you want to plead?

"Defendant: Guilty.

"Mr. Work: As in the other case, we would ask for suspension of imposition of sentence and ask for probation.

"The Court: All right, the matter will be referred to the Probation Department."

[2] "I, Larry E. Moore, having been duly advised by the Erie County Common Pleas Court and by my counsel, Paul E. Work, of the nature of the charges against me and of my rights under the constitution and particularly my right to be prosecuted by indictment by the Grand Jury, hereby in open Court waive such right to be prosecuted by indictment and consent to be prosecuted by information filed in the Common Pleas Court by the Prosecuting Attorney.   s/Larry E. Moore"

We affirm the trial court's dismissal of the post-conviction petition.

The trial court in the case at bar in accepting a plea of guilty to the burglary charged in the Information prior to the effective date of Crim. R. 11 (July 1, 1973) was not required personally to enumerate and explain every right waived and all the consequences flowing from the plea of guilty where there is an affirmative showing in the record that defendant knowingly, intelligently and voluntarily entered his plea of guilty. *State* v. *Stone* (1975), 43 Ohio St. 2d 163, 169-170.

Even where the trial court omits the explanation of any right waived by defendant by pleading guilty, the defendant must show some prejudicial effect before he has a right to have the guilty plea vacated. Crim. R. 52(A); *State* v. *Stewart* (1977), 51 Ohio St. 2d 86, 93.

The filing of the state's motion for summary judgment was accompanied by an affidavit signed by Paul E. Work, trial counsel for defendant, who advised defendant to plead guilty. Mr. Work, in substance, denied (1) that he advised defendant that he would not receive an additional sentence upon a plea of guilty, (2) denied that he advised defendant that the latter would merely serve out his time for the parole violation, and (3) denied making any threats or promises to defendant concerning lenient treatment in return for a plea of guilty. Furthermore, the original petition of defendant, filed *pro se,* to vacate his conviction and sentence contains statements by defendant that he and an accomplice related to arresting officers the manner in which they committed the alleged crime.[3] The original petition to vacate containing inculpatory statements of defendant is part of the files and records for consideration by the trial court in determining the motion for summary judgment.

---

"Statement

"I, Paul E. Work, counsel for the above named defendant, Larry E. Moore, do hereby state that I have advised said defendant of the nature of the charges against him and of his rights under the constitution and particularly of his right to be prosecuted by indictment.   s/Paul E. Work"

[3] *Inter alia,* the defendant in his petition to vacate further states:

"The investigation made by the arresting Officers apparently verified the confessions made by the accused, and that was, that the Petitioner had entered the Bogart Fleetwing Service, through an open window, which had been left open by someone prior to his arrival at the place of business."

Therefore, measured by the tests set forth in *Stone* and *Stewart, supra,* the plea of guilty was knowingly, intelligently and voluntarily entered by defendant to the burglary charge described in the Information. Defendant, furthermore, showed no prejudicial effect by the omission of an explanation of any of his rights as an accused felon. *Stewart, supra,* at 93.

We have considered the cases upon which defendant heavily relies—namely, *State* v. *Griffey* (1973), 35 Ohio St. 2d 101; *State* v. *Piacella* (1971), 27 Ohio St. 2d 92; and *State* v. *Buchanan* (1974), 43 Ohio App. 2d 93. These cases are not dispositive of the case at bar for they deal with Crim. R. 11, enacted in 1973, long after Moore entered his guilty plea herein.

*Wells* v. *Sacks* (1962), 115 Ohio App. 219, is not applicable. Unlike Moore in the case at bar, the defendant Sacks, without legal counsel, did not understand what he was doing when he signed the waiver of his rights and pled guilty and the state did not refute this.

The judgment of the Common Pleas Court of Erie County dismissing the post-conviction petition on a summary judgment is affirmed.

*Judgment affirmed.*

CONNORS, J., concurs.

POTTER, P. J., concurs in the judgment only on authority of *State* v. *Stone* (1975), 43 Ohio St. 2d 163.