OPINION
Brian Goney is appealing from the decision of the trial court overruling, without a hearing, his motion to withdraw his guilty plea to three counts of rape, one count each of kidnapping, aggravated robbery, breaking and entering, arson, tampering with evidence, and theft of a motor vehicle. Goney and a co-defendant, Mike Perkins, had been indicted for these crimes, all of which were allegedly committed by them in the early morning hours of August 16, 1997. The crimes consisted of the kidnaping of Imelda Brubaker at gunpoint from a Rally's restaurant where she worked. They drove her to a remote location where she was repeatedly raped at gunpoint by both men. Her van, which was the vehicle used for the kidnapping, was then subsequently burned by the defendants. Goney had changed his plea from not guilty to guilty in return for an agreement by the State not to seek a longer prison term than fifteen years. He was also found to be a sexual predator.
Goney then filed an appeal to this court which raised only the issue of the sexual predator finding. This court found his appeal lacked merit and affirmed the judgment of the trial court.State v. Goney (Oct. 23, 1998), Montgomery App. No. 16990, unreported.
Before our decision was rendered, however, Goney filed, on September 15, 1998, a motion to withdraw the guilty pleas which he had made on November 21, 1997. The basis of his motion was an affidavit executed by his co-defendant on July 7, 1998. A copy of the affidavit is attached hereto as Exhibit A.
The applicable law and rationale for the court's decision are concisely and carefully set forth in its decision, the relevant part of which is set forth as follows:
 A motion made after sentencing to vacate a guilty plea pursuant to Crim. Rule 32.1 should be granted only to correct a "manifest injustice." A hearing on a post-sentence Crim. Rule 32.1 motion is required if the facts alleged by the defendant, if found to be true, would require the court to permit the guilty plea to be withdrawn. State v. Blatnik (1984), 17 Ohio App.3d 201. In other words, a hearing will not be granted unless the facts alleged by Defendant show a manifest injustice. Id. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261. A post-sentence motion to vacate a plea is only permitted in extraordinary cases because the "accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." State v. Peterseim
(1980), 68 Ohio App.2d 211. Where the defendant seeks to vacate his plea because of counsel's erroneous advice concerning the sentence imposed, most courts do not consider this allegation as "manifest injustice." State v. Blatnik, supra. Further, "undue delay between the alleged cause of the manifest injustice and the filing of the motion to withdraw is a factor which weighs against granting the motion." State v. Smith, supra.
 When a defendant pleads guilty to a felony, he is entitled to certain rights. The court is unable to accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
 Crim.R. 11(C)(2). Furthermore, "a petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced." State v. Kapper (1983), 5 Ohio St.3d 36. Crim.R. 11 ameliorates "the problems inherent in a subjective judgment by the trial court as to whether a defendant has intelligently and voluntarily waived his constitutional rights and ensures an adequate record on review by requiring the trial court to personally inform defendant of his rights and the consequences of his plea and determine if the plea is understandably and voluntarily made." State v. Stone (1975), 43 Ohio St.2d 163.
 Goney's motion is based upon a July 7, 1998 sworn affidavit by his co-defendant Michael Perkins ("Perkins") which Goney asserts absolves him of any responsibility for the incidents which form the basis for his conviction. Goney argues that the affidavit presents new evidence which could not with due diligence have been discovered prior to trial and which is material to his defense. Goney contends that his decision to enter guilty pleas "was made in light of the evidence he then had available to offer a defense in the impending trial. Based upon that evidence [he] was forced to weigh the probable success of his then-available defense, and the certainty of the sentence which would be imposed if he plead guilty, thereby waiving his right to a trial by jury." Defendant's Memorandum in Support at 2. Therefore, Goney asserts that the withdrawal of his guilty plea is necessary to prevent manifest injustice.
 Perkins' affidavit states that Goney had nothing to do with the crimes for which he pleaded guilty and was convicted, that Perkins and the victim planned a fake robbery and rape, that Perkins lied to authorities to cover-up an illicit relationship with the victim, that the victim asked Perkins to lie in order to conceal the relationship from her husband, and that Goney was unaware of the plan Perkins and the victim had concocted. In essence, Perkins recanted his oral and written statements given to the police.
 "Newly discovered evidence which purportedly recants testimony given at trial is `looked upon with the utmost suspicion.'" State v. Howe (Jan. 24, 1996), Montgomery App. No. 13969, unreported. "A motion based upon such evidence should be granted only where the court is reasonably well satisfied that the testimony given by a material witness was false." State v. Isham (Jan. 24, 1997), Montgomery App. No. 15976, unreported. Furthermore, a defendant's own self-serving declarations or affidavits are insufficient to rebut the record on review which shows that his plea was voluntary. State v. Kapper (1983), 5 Ohio St.3d 36.
 Here, Perkins' affidavit operates to not only exonerate Goney, but himself as well. As such, the court finds them to be self-serving statements which must be looked at with askance. The court finds that Perkins' affidavit does not contain sufficient operative facts to demonstrate that Goney's guilty plea was coerced or induced. Moreover, both Goney and Perkins signed pleas [sic] agreements and the record of each plea hearing indicates that the guilty pleas were knowing and voluntary and that no threats or promises were made to induce these pleas.
 The decision whether to grant a motion to withdraw a guilty plea is within the sound discretion of the trial court. State v. Smith (1977), 29 Ohio St.2d 261 [49 Ohio St.2d 261]. In exercising that discretion, the trial court is to resolve issues of credibility and the weight of the defendant's assertions in his motion. Id. The court does not find Perkins' testimony credible. Goney has failed to meet his burden of proving manifest injustice and a hearing on the matter is not warranted. Accordingly, Goney's Motion to Withdraw Guilty Plea is OVERRULED.
Goney assigns two errors on appeal, as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS WITHOUT A HEARING.
 THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING THE DEFENDANT-APPELLANT THE OPPORTUNITY TO WITHDRAW HIS GUILTY PLEAS AFTER SENTENCING REGARDLESS OF WHETHER A HEARING WAS HELD ON THE MATTER.
The Supreme Court of Ohio has held that "In reviewing a petition for post-conviction relief filed pursuant to R.C.2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." State v. Calhoun (1999), 86 Ohio St.3d 279, first syllabus. The same standard should apply to affidavits submitted in support of motions to withdraw guilty pleas. See,e.g., State v. Cosavage (June 28, 1995), Summit App. No. 17074, 17075, unreported, at 1. Among the factors set forth by the Supreme Court in Calhoun for use by a trial court in judging credibility of affidavits, is, whether the judge reviewing the affidavits also presided at the trial (or plea hearing), whether the affidavits contained rely on hearsay, whether the affiant has an interest in the success of the petitioner's efforts, or whether the affidavits contradict evidence proffered by the defense previously.
In this case the same trial judge who presided at the plea hearing and sentencing of Goney reviewed the affidavit and denied the motion to withdraw his plea. In addition, the affidavit is based almost entirely on hearsay, that is statements and actions of the victim. Moreover, it is completely self-serving and contradicts Goney's own admission of guilt made at the plea hearing. We have carefully reviewed the transcript of the plea and sentencing hearing and find nothing to contradict the knowing and voluntary admissions of guilty by Goney. Perhaps even more importantly, the trial judge, with the consent of the attorneys for both the State and Goney, had a conference in chambers with the victim and her husband. They had been in court all week waiting for the trial to begin, but it had not begun until the following day. In chambers the court questioned the victim as to whether she could return to the court the next day and testify for one day, to which the victim responded as follows:
 MS. BRUBAKER: I'm going to try just today. I mean lately I tell myself that I can't. There's no way I want to go back over that. It will kill me if I have to go over it, me facing them out there about these guys, what they did to me, and tell everybody what they did to me. I want — I have to tell myself, and I can't do it.
Tr. 14.
The victim also said in chambers that "we're moving out of state. Because then I'll have nothing of this and just starting a new life." Tr. 14-15.
Clearly, the court's personal observation of the victim did not give any credence to Perkins' astonishing assertions in his affidavit. In fact, we find the affidavit absolutely bizarre and not deserving of any credibility whatsoever. Why would Goney ever plead guilty to crimes he was alleged to have not even been aware of until he was indicted? It defies belief that Goney or, for that matter, Perkins would willingly consent to fifteen years incarceration for the reasons alleged in Perkins' affidavit.
We find absolutely no abuse of discretion on the trial court in its decision overruling Goney's motion to withdraw his guilty pleas. For the reasons stated above and in the court's opinion quoted above, which we approve and adopt as our own, the two assignments of error are overruled, and the judgment is affirmed.
 _______________________________ FREDERICK N. YOUNG, J.
WOLFF, J. and FAIN, J., concur.