**[Cite as *State v. Dehart*, 2020-Ohio-3897.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28356 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-4839 |
| | : | |
| DAVID DEHART | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of July, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRIS BECK, Atty. Reg. No. 0081844, 1370 North Fairfield Road, Suite C, Beavercreek, Ohio 45432
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, David Dehart, appeals from his conviction in the Montgomery County Court of Common Pleas after he pled guilty to one count of domestic violence.   In support of his appeal, Dehart claims that his guilty plea was not knowingly, intelligently, and voluntarily entered.   For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On January 4, 2019, a Montgomery County Grand Jury returned an indictment charging Dehart with one count of domestic violence in violation of R.C. 2919.25(A).   The indictment indicated that the charge was a third-degree felony due to Dehart having two prior domestic violence convictions.   *See* R.C. 2919.25(D)(4).   The indicted charge arose after Dehart assaulted his 75-year-old, invalid mother with whom he lived.

{¶ 3} The matter was scheduled for a jury trial on March 11, 2019.   On the day of trial, Dehart instead decided to plead guilty to the indicted charge.   In exchange for Dehart's guilty plea, the State agreed to stand silent as to a motion for judicial release, but made no agreement with regard to sentencing.

{¶ 4} After learning that Dehart wanted to plead guilty, the trial court conducted a Crim.R. 11 plea colloquy.   As part of the colloquy, the trial court had the State recite the elements of the domestic violence charge in question, i.e., that Dehart did knowingly cause or attempt to cause physical harm to a family or household member.   R.C. 2919.25(A).   Dehart indicated that he understood the domestic violence charge and that a plea of guilty was an admission of guilt to that charge.   At the end of the colloquy, the

trial court asked Dehart if he had any questions, to which Dehart responded as follows:

> Your Honor, I just – I just want to state the fact that I – I'm not one to hurt or I did not hurt my mother. I'm a great person. I'm a law-abiding citizen. I have one child. And I know she's going to be terribly torn apart about this if I go to prison. I humbly, respectfully, please probation, so I can go home with her. I mean, I love her to death. I work very hard. I've had a full-time job since I was 14. I went back to school last year. I'm severely depressed. I mean, I've been hurt – this – everyone gets hurt. I'm just an emotional person. I just – I – (indiscernible) is to go home on probation. I love my mother.

Trans. (Mar. 11, 2019), p. 9.

{¶ 5} Following Dehart's statement, the State noted its concern that Dehart had "cast a cloud" on his admission of guilt when he stated that he did not hurt his mother. *Id.* at 10. As a result, the State requested that the trial court have Dehart clarify on the record that he still agreed he committed domestic violence by causing or attempting to cause physical harm to his mother. The trial court saw no issue with Dehart's statement and denied the State's request for clarification. Dehart thereafter entered a guilty plea to the domestic violence charge, which the trial court accepted. The trial court then ordered a presentence investigation and scheduled the matter for sentencing. At sentencing, the trial court ordered Dehart to serve 36 months in prison.

{¶ 6} Dehart appealed from his conviction, and his appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. Upon conducting

an independent review of the record as required by *Anders*, this court found at least one non-frivolous issue for appeal concerning whether Dehart's guilty plea was knowingly, intelligently, and voluntarily entered. Therefore, this court rejected Dehart's *Anders* brief and appointed new appellate counsel to Dehart. Dehart's new appellate counsel then filed an appellate brief on Dehart's behalf raising a single assignment of error for review.

## Assignment of Error

{¶ 7} Under his sole assignment of error, Dehart contends that his guilty plea to domestic violence was not knowingly, intelligently, and voluntarily entered because he denied a material element of the offense at the plea hearing and contradicted his guilty plea when he told the trial court that he did not hurt his mother. We disagree.

{¶ 8} "To be constitutionally valid and comport with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily." *State v. Bateman*, 2d Dist. Champaign No. 2010CA15, 2011-Ohio-5808, ¶ 5, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Compliance with the procedures set forth in Crim.R. 11(C) ensures that a plea meets this constitutional mandate. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. Crim.R. 11(C) "ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

{¶ 9} In this case, Dehart does not dispute that the trial court complied with Crim.R. 11(C) at his plea hearing. Instead, Dehart claims that the trial court should not have accepted his guilty plea because he contradicted his plea when he told the trial court that

he did not hurt his mother.   Dehart's claim lacks merit.

{¶ 10} To be guilty of domestic violence, one must "knowingly cause or *attempt* to cause physical harm to a family or household member."  (Emphasis added.)  R.C. 2919.25(A).   Therefore, no actual physical harm is required; an attempt to cause physical harm is sufficient to constitute the offense.   *State v. Younker*, 2d Dist. Darke No. 02CA1581, 2002-Ohio-5376, ¶ 23.   Because only an attempt to cause physical harm is necessary to be found guilty of domestic violence, Dehart's statement that he did not hurt his mother did not contradict his guilty plea to that offense.   As noted above, Dehart could have committed domestic violence simply by attempting to physically harm his mother.

{¶ 11} Moreover, when reviewing Dehart's entire statement to the trial court, it becomes clear that the purpose of Dehart's statement was not to deny the domestic violence charge.   Instead, Dehart's statement provided the trial court with reasons to impose probation as opposed to a prison term.   For example, after stating that he did not hurt this mother, Dehart went on to describe himself as a great person, a law-abiding citizen, a hard worker, a depressed and emotional person, and a parent whose child would be "torn apart" if he went to prison.   Trans. (Mar. 11, 2019), p. 9.   After mentioning all of these perceived qualities, Dehart asked to be placed on probation.   Therefore, when considering Dehart's entire statement, the effect of his statement was not to deny that he had committed domestic violence, but to request leniency at sentencing.

{¶ 12} For the foregoing reasons, Dehart's sole assignment of error is overruled.

## Conclusion

{¶ 13} Having overruled Dehart's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Chris Beck
David Dehart
Hon. Gregory F. Singer