[Cite as *State v. Bell*, 2021-Ohio-1327.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28909 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-1358 |
| | : | |
| JORDAN BELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of April, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, 120 West Second Street, Suite 1717, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  Defendant-appellant Jordan Bell appeals from his convictions for trespass in a habitation in violation of R.C. 2911.12(B), violation of a protection order in violation of R.C. 2919.26, and domestic violence in violation of R.C. 2919.25(A).   Bell filed a timely notice of appeal.   Bell's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no prejudicial error occurred below and that any grounds for appeal would be frivolous; he also seeks leave to withdraw as counsel. On November 23, 2020, we notified Bell of the filing of an *Anders* brief and provided him with 60 days to file a pro se brief, but Bell has not filed a pro se brief.

**Facts and Procedural History**

{¶ 2} Bell was indicted for one count of trespass in a habitation, a felony of the fourth degree, one count of a violation of a protection order, a felony of the third degree, and one count of domestic violence, a first-degree misdemeanor.   On  July  14,  2020, Bell pled guilty to all the offenses.   Prior to entering his guilty plea, the trial court advised Bell of the maximum sentences associated with each offense.   The trial court conducted a Crim.R. 11 plea colloquy and found that Bell's guilty plea was knowingly, intelligently, and voluntarily entered.   At the plea hearing, the State read the pertinent facts into the record and deferred to the Court in regard to sentencing.   The trial court accepted Bell's guilty pleas, found him guilty of the offenses, and ordered a presentence investigation ("PSI").

{¶ 3} After ordering the PSI, the trial court heard a motion to reduce bond and reduced the bond to conditional own recognizance, which included an order to stay away from the victim in the case. Sentencing was set for August 11, 2020.

{¶ 4} At sentencing, the trial court noted the purposes and principles of sentencing and emphasized that the PSI report reflected that Bell had an extensive and lengthy juvenile record. Bell was sentenced to 36 months for violating a protection order, 18 months for trespass in a habitation, and 180 days for domestic violence, all to run concurrently, for an aggregate sentence of 36 months.

{¶ 5} Appellate counsel included two potential assignments of error in the Anders brief filed in this court but concluded that they lack merit.

### *Anders* Standard

{¶ 6} *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), outlines the procedure appellate counsel must follow when he or she finds a lack of any meritorious grounds for appeal.   In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the case, appointed counsel determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Id.* at 744.   An *Anders* brief must identify anything in the record that could arguably support the appeal. *Id.*   Further, counsel must also furnish the client with a copy of the brief and allow the client sufficient time to file his or her own brief, pro se. *Id.*

{¶ 7} Once appellate counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. *Id.* If we determine that the appeal is wholly frivolous, we may allow counsel to withdraw and dismiss the appeal without violating constitutional requirements, or we may proceed to a decision on the merits if state law so requires. *Id.*   In the instant case, appointed counsel fully complied with the requirements of *Anders*.

{¶ 8}  Appointed counsel's first potentially meritorious assignment of error is as follows:

THE APPELLANT ENTERED HIS PLEA KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶ 9}  Under the first potential assignment of error, Bell's appellate counsel requests this court to review whether the trial court violated Crim.R. 11 during the plea proceedings. We note that counsel does not assert any specific violation of Crim.R. 11. Instead, counsel has generally requested that this court review the plea proceedings for compliance with the rule.

{¶ 10}  "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, Ohio Slip Opinion No. 2020-Ohio-2765, __ N.E.3d __, ¶ 11.  "[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' "  *Id.*, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).  The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11.  *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29.  However, in reviewing the plea colloquy, the focus should be "on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea."  *Dangler* at ¶ 12.

{¶ 11} In Bell's case, the trial court went through each of Bell's rights and made sure that he understood them. The transcript reveals that the trial court scrupulously conducted a thorough and complete Crim.R. 11 plea hearing. Bell acknowledged that he

understood his rights, the charges, and the plea agreement, and there was no evidence to suggest the contrary. At the end, the trial court concluded that Bell knowingly, voluntarily, and intelligently waived his rights and entered his pleas. The record supports this conclusion. Since there is no evidence to suggest that the plea was not knowingly, voluntarily, and intelligently made, the first potentially meritorious assignment of error is without merit.

{¶ 12} Appointed counsel's second potentially meritorious assignment of error is as follows:

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN SENTENCING

APPELLANT TO 36-MONTHS OF INCARCERATION.

{¶ 13} When reviewing a felony sentence, we must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Pursuant to the plain language of R.C. 2953.08(G)(2), this court may vacate or modify an appellant's sentence only if it determines by clear and convincing evidence that: (1) the record did not support the trial court's findings under relevant statutes; or (2) the sentence was otherwise contrary to law. *Id*. at ¶ 1.

{¶ 14} Under R.C. 2929.14(A)(3)(b) and (4), a felony of the third degree is punishable with a prison term of up to 36 months, and a felony of the fourth degree is punishable with a prison term of up to 18 months. R.C. 2929.13(B)(2) and (C) only require that a trial court comply with the purposes and principles under R.C. 2929.11 and 2929.12. So long as the trial court complies with R.C. 2929.11 and 2929.12, then the sentence will not be contrary to law. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had

considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.), citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶ 15} Here, the trial court considered these principles and factors expressly in sentencing Bell. At disposition, the trial court noted Bell's extensive and lengthy juvenile record. Tr. p. 17. The trial court also noted that the present offenses were committed while he was on post-release control for a first-degree felony. *Id.* After considering the purposes and principles of sentencing, the trial court sentenced Bell to a period of 36 months imprisonment for the third-degree felony, 18 months for the fourth-degree felony, and 180 days for the first-degree misdemeanor, all to run concurrently. The trial court was not required to make any specific findings, and the sentences were within the range prescribed by law, so Bell's sentence was not contrary to law.

## Conclusion

{¶ 16} Having performed our duty pursuant to *Anders*, and for the foregoing reasons, we conclude that Bell's appeal is wholly frivolous. Counsel's motion to withdraw is granted. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Adam J. Arnold
Hon. Mary L. Wiseman