[Cite as *State v. Bradford*, 2024-Ohio-2669.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos.   24CA1191 |
| | | 24CA1192 |
| Plaintiff-Appellee, | : | 24CA1193 |
| | | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| | | |
| BUFFY BRADFORD, | : | |
| | | |
| Defendant-Appellant. | : | **RELEASED 7/10/2024** |

_____
<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Aaron E. Haslam, Adams County Prosecutor, West Union, Ohio, for appellee.
_____
Hess, J.

**{¶1}** Buffy Bradford appeals her convictions following guilty pleas on one count of non-support of dependents, one count of theft of a motor vehicle, and one count of burglary. Bradford contends that the trial court erred in accepting her guilty plea on the burglary count because it was not made knowingly, voluntarily, and intelligently. She contends that she was not advised that the postrelease control would be mandatory upon her release from prison, but instead was told it was optional. She does not contest the validity of her guilty pleas on the other two charges. The State concedes this error and agrees that the judgment on the burglary count should be reversed and remanded for proper proceedings.

**{¶2}** We find that the trial court failed to properly advise Bradford that her sentence on the burglary count was subject to a mandatory postrelease control period

and that such failure makes her plea voidable. We sustain Bradford's sole assignment of error, reverse the trial court's judgment, and remand the cause.

## I. FACTS AND PROCEDURAL HISTORY

{¶3} The Adams County grand jury indicted Bradford in three separate cases. In the first case, Bradford was indicted with three counts of non-support of dependents in violation of R.C. 2919.21(B), fifth-degree felonies. She pleaded guilty to one of the charges and the State dismissed the other two. In the second case, Bradford was indicted with theft of a motor vehicle in violation of R.C. 2913.02(A)(5), a fourth-degree felony, and breaking and entering in violation of R.C. 2911.13(A), a fifth-degree felony. She pleaded guilty to theft of a motor vehicle and the state dismissed the breaking and entering count. In the third case, Bradford was indicted with burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, to which she pleaded guilty.

{¶4} At the plea hearing, the trial court explained the constitutional rights Bradford was waiving, the effect of the plea, and the nature of the charges. But, it failed to advise Bradford of the maximum sentence she faced because it did not notify her that postrelease control would be mandatory on her burglary charge. Instead, the trial court informed her that it would be discretionary. The judgment of conviction on the burglary count reflected "optional" postrelease control. The trial court held a sentencing hearing at which it sentenced Bradford to (1) 5 years of community control and ordered her to pay restitution for non-support of dependents; (2) a 15-month prison term for theft of a motor vehicle; and (3) a 30-month prison term for burglary. The sentences were ordered to be served consecutively for a total prison term of 45 months. Bradford appealed.

## II. ASSIGNMENT OF ERROR

**{¶5}** Bradford presents the following assignment of error:

The trial court erred to the prejudice of Ms. Bradford by accepting a plea of guilty that was not made knowingly, voluntarily, and intelligently.

## III. LEGAL ANALYSIS

### A. Standard of Review

**{¶6}** We conduct a de novo review of the record to determine whether the plea was made knowingly, intelligently, and voluntarily. *State v. Pierce*, 2024-Ohio-82, ¶ 8 (4th Dist.) ("An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." ).

### B. The Plea Colloquy

**{¶7}** "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 2020-Ohio-2765, ¶ 10. If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional. *Parke v. Raley*, 506 U.S. 20, 28-29 (1992).

**{¶8}** Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas to provide "an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *Dangler* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). Our focus on review is not on whether the trial court recited the exact language of Crim.R. 11, but "on whether the dialogue between the court and the defendant demonstrates that the defendant

understood the consequences" of the plea. *Id.* at ¶ 12; *State v. Veney*, 2008-Ohio-5200, ¶ 15-16.

**{¶9}** When the trial court fails to advise a defendant that the sentence includes a mandatory term of postrelease control, the trial court fails to comply with Crim.R. 11 and we must vacate the plea and remand the cause.

> [I]f a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal. Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause.

*State v. Sarkozy*, 2008-Ohio-509, ¶ 25-26 ("Sarkozy's plea could not have been knowingly and intelligently given because the trial court failed to advise him at the plea hearing that postrelease control would be part of his sentence."); *State v. Perez*, 2022-Ohio-4352, ¶ 4 (4th Dist.) (where defendant and State agreed that the trial court did not notify defendant about the mandatory nature of postrelease control, but instead informed him that his postrelease control sanction would be discretionary, appellate court found that the plea was not made knowingly, voluntarily, and intelligently).

**{¶10}** Postrelease control is mandatory for at least one year and no more than three years for any felony of the third degree that is an offense of violence. R.C. 2967.28(B)(4). Bradford pleaded guilty to third-degree felony burglary in violation of R.C. 2911.12(A)(3), which is defined as an offense of violence under R.C. 2901.01(A)(9)(a). However, the record shows that during the plea colloquy the trial court did not advise Bradford that postrelease control would be mandatory on the burglary count. And, at the sentencing hearing, the trial court advised her postrelease control was optional on the

burglary count and the judgment of conviction stated it was "optional." Therefore, her plea to the burglary count was not made knowingly, voluntarily, and intelligently. The error did not affect the validity of her plea to non-support of defendants and theft of a motor vehicle because the trial court properly explained the nature of postrelease control on those counts.

**{¶11}** We sustain Bradford's sole assignment of error.

## IV. CONCLUSION

**{¶12}** Having sustained the assignment of error, we reverse the judgment of the trial court on her burglary conviction and remand the matter with instructions that Bradford be given the opportunity to withdraw her guilty plea to the burglary count.

JUDGMENT REVERSED, CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED, CAUSE REMANDED and that appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**