[Cite as *State v. McMahon*, 2025-Ohio-3295.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO

    Appellee

v.

RODNEY McMAHON, JR.

    Appellant

:
:  C.A. No. 2025-CA-7
:
:  Trial Court Case No. 24-CR-0632
:
:  (Criminal Appeal from Common Pleas
:  Court)
:
:  **FINAL JUDGMENT ENTRY &**
:  **OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on September 12, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, JUDGE

EPLEY, P.J., and TUCKER, J., concur.

**OPINION**
CLARK C.A. No. 2025-CA-7

TRAVIS L. KANE, Attorney for Appellant
CHRISTOPHER P. LANESE, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-Appellant Rodney McMahon, Jr. appeals from a judgment of the Clark County Common Pleas Court, which followed McMahon's guilty pleas to charges of trafficking in cocaine and tampering with evidence. For the following reasons, we affirm the judgment of the trial court.

I.      Facts and Course of Proceedings

{¶ 2} On August 20, 2024, a Clark County grand jury indicted McMahon on the following counts: (1) trafficking in cocaine in violation of R.C. 2925.03(A)(2); (2) possession of cocaine in violation of R.C. 2925.11(A); (3) tampering with evidence in violation of R.C. 2921.12(A)(1); (4) failure to comply with an order or signal of police officer in violation of R.C. 2921.331(B); and (5) possessing criminal tools in violation of R.C. 2923.24(A). McMahon pleaded not guilty to the charges, and a jury trial was scheduled.

{¶ 3} McMahon entered into a plea agreement with the State prior to the start of the scheduled trial. On January 28, 2025, pursuant to the plea agreement, McMahon changed his pleas from not guilty to guilty on the trafficking in cocaine and tampering with evidence charges. The trial court accepted McMahon's guilty pleas and found him guilty of trafficking in cocaine, a first-degree felony, and tampering with evidence, a third-degree felony. The other charges were dismissed.

{¶ 4} Following a sentencing hearing, the trial court sentenced McMahon to an indefinite prison term of 10 to 15 years in prison for trafficking in cocaine and a definite prison term of 3 years for tampering with evidence. The trial court imposed the prison sentences concurrently for an aggregate, indefinite prison term of 10 to 15 years. McMahon was given 146 days of jail-time credit. McMahon filed a timely notice of appeal.

II.     The Trial Court Complied with Crim.R. 11

{¶ 5}  McMahon's sole assignment of error states:

THE TRIAL COURT DID NOT PROPERLY COMPLY WITH CRIM.R. 11.

{¶ 6} McMahon concedes that "the trial court thoroughly explained to Appellant his constitutional rights relating to his guilty plea" and his right not to testify at trial. Appellant's Brief, p. 4. However, McMahon notes that the trial court did not explain to him that his decision not to testify at trial could not "be used against him in any way." *Id.* McMahon cites to the Ohio Jury Instructions as support for his argument that the trial court was required to explain to him "that if he chose not to testify, that could not be used against him at trial in any way." *Id.* at 5.

{¶ 7} The State responds that the plain language of Crim.R. 11 "does it indicate that a trial court is required to explain the flipside of the privilege against compulsory self-incrimination; that being that a defendant's exercise of the privilege cannot be used to draw negative inferences regarding the defendant's guilt." Appellee's Brief, p. 4, citing Crim.R. 11(C)(2)(c). Therefore, the State contends that the trial court complied with Crim.R. 11.

{¶ 8} To satisfy the requirements of due process, a guilty plea must be made knowingly, intelligently, and voluntarily, and the record must affirmatively demonstrate as much. *State v. Chessman*, 2006-Ohio-835, ¶ 15 (2d Dist.), citing *Boykin v. Alabama*, 395

U.S. 238 (1969). For a plea to be made knowingly, intelligently, and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). *State v. Brown*, 2012-Ohio-199, ¶ 13 (2d Dist.). "[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' " *State v. Dangler*, 2020-Ohio-2765, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

{¶ 9} Crim.R. 11(C)(2) provides, in pertinent part:

In felony cases the court . . . shall not accept a plea of guilty . . . without first addressing the defendant personally . . . and doing all of the following:

. . .

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt *at a trial at which the defendant cannot be compelled to testify against himself or herself*.

(Emphasis added.)

{¶ 10} Crim.R. 11(C)(2)(c) mandates that the trial court inform the defendant of the constitutional rights he is waiving, namely the right to a jury trial, the right to confront witnesses, the right to compulsory process, the right against self-incrimination, and the right to require the State to establish guilt beyond a reasonable doubt. *State v. Perdue*, 2022-Ohio-722, ¶ 11 (2d Dist.). A failure to strictly comply with this part of the rule invalidates the plea. *Id.*

{¶ 11} McMahon concedes that the trial court complied with all of the constitutional requirements contained in Crim.R. 11 with one exception: the trial court should have explained to McMahon that if he went to trial and decided not to testify, his silence could not be used against him.  We do not agree that Crim.R. 11 requires the trial court to explain this.

{¶ 12} During the plea colloquy, the following exchange occurred between the trial court and McMahon:

THE COURT:  You would have the right to confront and cross-examine the witnesses called by the State.  You would have the right to use the Court's subpoena power to compel the attendance of witnesses.  You would have the right to testify in your own defense but could not be forced to do so.  And you could only be convicted upon the unanimous verdict of a jury; do you understand all of these rights?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you understand that by entering this guilty plea you would [be] waiving all of these rights?

THE DEFENDANT:  Yes, sir.

Plea Tr. 11.  Notably, the "Waiver of Rights" section in the written guilty plea form signed by McMahon included the following sentence: "I know at trial I could not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify."

{¶ 13} The Seventh District Court of Appeals faced a similar situation in *State v. Giovanni*, 2009-Ohio-3333 (7th Dist.).  There, the defendant contended that his plea was less than knowing, intelligent, and voluntary because in advising him that he would be

waiving his right against self-incrimination, the trial court failed to explain during the plea colloquy that no one could comment on his refusal to testify at trial.   Such an explanation, however, was contained in the written plea agreement.   *Id.* at ¶ 12.   The Seventh District rejected the defendant's argument on appeal, explaining:

> [T]here is no requirement of further explanation of the right [against self-incrimination] because the current rule does not require the rights listed to be defined or otherwise mention that the defendant should be advised that no one can comment on his refusal to testify.   Rather, the rule merely states that the defendant cannot be compelled to testify against himself at trial, and the Supreme Court prefers tracking this language.   Consequently, in advising that the defendant cannot be compelled to testify against himself, the court need not further explain that no one can comment on a defendant's failure to testify where the defendant answers that he understands his right against self-incrimination.

*Id.* at ¶ 16.

{¶ 14} We agree with the Seventh District that the plain language of Crim.R. 11 does not require the trial court to explain to the defendant prior to accepting his plea that if he proceeded to trial and did not testify, no one could comment on his silence.   Rather, the trial court is only required to explain that a defendant may not be compelled to testify at trial, which it did in McMahon's case.   McMahon affirmatively stated that he understood that right.

{¶ 15} Based on the record before us, we cannot conclude that the trial court failed to comply with Crim.R. 11.   Therefore, McMahon's sole assignment of error is overruled.

III.    Conclusion

**{¶ 16}** Having overruled McMahon's assignment of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

EPLEY, P.J., and TUCKER, J., concur.