[Cite as *State v. Woodall*, 2016-Ohio-294.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102823

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY J. WOODALL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-577633-A, CR-14-588299-B, and CR-14-591384-A

**BEFORE:**   Jones, A.J., Keough, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**   January 28, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY: Jeffrey Gamso
Assistant County Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Marcus A. Henry
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1} Defendant-appellant, Anthony Woodall, appeals his drug trafficking conviction. We affirm.

{¶2} In 2013, Woodall was charged in three cases, Cuyahoga C.P. Case Nos. CR-13-577633-A, CR-14-588299-B, and CR-14-591384-A. The cases were combined for plea and sentence. Woodall subsequently filed a notice of appeal on all three cases, but his appeal deals solely with Case No. CR-13-577633-A. Therefore, CR-14-588299-B and CR-14-591384-A are hereby affirmed.

{¶3} In CR-13-577633-A, Woodall was charged with six counts of trafficking in drugs, three counts of possession of drugs, one count of possessing criminal tools, and forfeiture specifications. As part of a plea agreement with the state of Ohio, Woodall agreed to plead guilty to Counts 1, 4, and 7, trafficking in drugs, in violation of R.C. 2925.03(A)(1), felonies of the fifth degree.

{¶4} During the plea colloquy the prosecutor stated the following as to Case No. CR-13-577633-A:

> The defendant will be will be entering a plea of guilty to Count 1, a felony of the fifth degree, trafficking, 2925.03, section (A)(1). Count 2 and 3 will be nolled. The defendant will be pleading guilty to Count 4, trafficking, a felony of the fifth degree, 2925.03, section (A)(1). Count 5 and 6 will be nolled, and the defendant will be entering a plea of guilty to Count 7, [felony 5] trafficking, 2925.03 section (A)(1).
>
> The defendant also agrees to forfeit a cell phone, a scale, automobile, and money, money being $10, $720, as well as heroin, a T-mobile cell phone, and a blue Jeep Laredo.

{¶5} The court asked both Woodall and his counsel if that was their understanding

of the plea and they agreed that it was. The court proceeded to explain Woodall's constitutional and nonconstitutional rights to him. During this explanation of his rights and the possible penalties he was facing, the court stated: "In case number 577633, those are Counts 1 and 4. And with regard to case number 577633, that is Count number 7. And in case number -- with the first case it's Counts 1, 4, and 7."

{¶6} The court proceeded to take Woodall's plea. As is pertinent to this appeal, the court stated:

> In case number 577633, as to counts 1, 5, and 7, all trafficking in the fifth degree, how do you plead?
>
> Defendant: Guilty.
>
> Court: Let the record reflect that the Court finds that Mr. Woodall has pled guilty to Counts 1, 5, and 7. All trafficking, all felonies in the fifth degree. The Court accepts that plea and enters a finding of guilty with regard to Counts 1, *4* and 7, each a trafficking offense and each a felony in the fifth degree.

(Emphasis added).

{¶7} Defense counsel informed the court: "Your Honor, you stated that he was pleading to Count 5. He actually pled to — ." The court replied, "It is Count 4. * * * You are correct. You're right. Thank you. It's Counts 1, 4, and 7 with regard to case 577633, each trafficking, each a felony in the fifth degree."

{¶8} On a later date, the trial court sentenced Woodall to a combined total of 12 months in prison on the three cases. The sentencing journal entry stated that Woodall pleaded guilty to Counts 1, 4, and 7 in CR-13-577633-A.

{¶9} On appeal, Woodall raises one assignment of error for our review:

I. The trial court committed error when it found Mr. Woodall guilty of count 4 in Case No. 577633 when that is a count to which he never entered a guilty plea.

{¶10} On appeal, Woodall argues that the trial court erred when it found him guilty of Count 4, drug trafficking, in violation of R.C. 2925.03(A)(1), when he actually pleaded guilty to Count 5, drug trafficking, in violation of R.C. 2925.03(A)(2).

{¶11} Woodall failed to object to this alleged error at the trial court level; therefore, our review is for plain error. Under Crim.R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought to the attention of the trial court. But the plain error doctrine should be invoked by an appellate court only in exceptional circumstances to prevent a miscarriage of justice. *State v. Cooperrider*, 4 Ohio St.3d 226, 227, 448 N.E.2d 452 (1983). Plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different. *Id.*

{¶12} In considering whether a criminal defendant knowingly, intelligently, and voluntarily entered a guilty plea, we must review the record to ensure that the trial court complied with both the constitutional and procedural safeguards contained within Crim.R. 11. *State v. Kelley*, 57 Ohio St.3d 127, 128, 566 N.E.2d 658 (1991). The purpose of Crim.R. 11(C) is "to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty." *State v. Ballard*, 66 Ohio St.2d 473, 479-80, 423 N.E.2d 115 (1981). A trial court need not recite the exact

language of Crim.R. 11(C) when informing a criminal defendant of his or her rights. We will affirm a trial court's acceptance of a guilty plea if the record reveals that the trial court engaged in a meaningful dialogue with the defendant and explained, "in a manner reasonably intelligible to that defendant," the constitutional rights the defendant waives by pleading guilty. *Id.* at paragraph two of the syllabus.

{¶13} A trial court's failure to adequately inform a defendant of his or her constitutional rights invalidates a guilty plea under a presumption that it was entered into involuntarily and unknowingly. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Crim.R. 11(C)(2)(a) requires the trial court to explain to a defendant the nature of the charge. *State v. Johnson*, 40 Ohio St.3d 130, 133, 532 N.E.2d 1295 (1988). A plea cannot be voluntary in the sense that it constitutes an intelligent admission that the defendant committed the offense unless the defendant received "'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941). Thus, a plea may be involuntary because the accused

> has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense.

*Henderson*, at *id.*, fn. 13. But "a trial court's misstatements regarding the nature of the charge during a plea hearing do not always invalidate a plea." *State v. Davis*, 4th Dist.

Highland No. 06CA21, 2007-Ohio-3944, ¶ 29.   Generally, reviewing courts have upheld pleas even though the trial court supplied the defendant with incorrect information, mischaracterizations, or misstatements when the erroneous statement occurred in isolation or when the written plea agreement contained the correct information.   *Id.*

{¶14} Here, Woodall has not argued that he did not understand the nature of the charges against him, that his plea affected his substantial rights, or that he was prejudiced by the trial court's misstatement that he was pleading guilty to Count 5.   Both Counts 4 and 5 were felonies of the fifth degree and, therefore, carried the same penalties.   The transcript shows that Woodall was notified multiple times that he was pleading to Count 4, agreed to plead guilty to Count 4, and understood the plea agreement.   Moreover, the trial court quickly corrected its mistake, stated that Woodall was pleading guilty to Count 4, and properly journalized the plea.

{¶15} We further note that Woodall was represented by counsel at the plea hearing.   *See State v. Flanigan*, 8th Dist. Cuyahoga No. 48318, 1985 Ohio App. LEXIS 5631 (Jan. 31, 1985) (no error when trial court read incorrect count in court to defendant).   It is apparent from the record that Woodall was cognizant of the offenses to which he was pleading.

{¶16} Aside from its misstatement as to Count 4, the trial court complied with Crim.R. 11 in all other respects.   Thus, in light of these facts, we find no error.   The sole assignment of error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
ANITA LASTER MAYS, J., CONCUR