[Cite as *State v. Stewart*, 2023-Ohio-1673.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                                           No. 112017

    v.                               :

RONNIE A. STEWART,                          :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 18, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-666760-A and CR-22-668744-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Timms, Assistant Prosecuting Attorney, for appellee.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant.

SEAN C. GALLAGHER, J.:

{¶ 1}   Defendant-appellant, Ronnie A. Stewart, appeals his judgment of conviction, challenging the entry of his guilty pleas.  Upon review, we affirm.

## I. Facts and Procedural History

{¶ 2} Stewart was charged with five felony offenses in Cuyahoga C.P. No. CR-22-666760-A, and with six felony offenses in Cuyahoga C.P. No. CR-22-668744-A.[1] In each case, Stewart initially entered a plea of not guilty to the indicted charges. Discovery occurred, and there were ongoing plea negotiations. Each case was set for trial on August 15, 2022.

{¶ 3} The transcript of the proceedings reflects that on the morning of the trial date, Stewart acknowledged that he had been offered a plea agreement and had gone over it with his counsel. The trial court indicated that it was going to make sure Stewart understood his constitutional rights and the maximum penalties involved. The trial court gave an advisement that a conviction in these cases could be the basis for a violation of postrelease control. Stewart initially expressed that he did not intend to accept the plea agreement and that he wanted the cases to be tried together, and there was some discussion about this.

{¶ 4} The trial court proceeded to address the plea offer. As the trial court expressed, "I'm going to go over both cases. So if you wanted to accept the plea, it would be available now to plead to both cases not just one."

{¶ 5} The trial court informed Stewart of the constitutional rights he would be waiving if he chose to accept the plea offer and to enter a plea of guilty, and

---

[1] The two indictments identified the same victim, but the indictments stemmed from separate incidents on different dates.

Stewart confirmed his understanding. Stewart acknowledges in the appellant's brief that the trial court's recitation of rights was accurate and complete.

{¶ 6} The trial court then reviewed the counts in each case and the maximum penalties that could be imposed. In discussing the charges, the trial court specified the aggravated-robbery count in each case, referenced the degree of felony for other counts, reviewed firearm specifications, and discussed merger of offenses. The trial court also advised Stewart regarding indefinite sentencing, the maximum penalties, the total possible time he could serve for both cases, and postrelease control. As stated by the trial court, if it were "to run both cases maximum consecutive you're looking at 67 years to 78 years." Stewart consistently expressed his understanding. The trial court also stated that the plea in CR-22-666760-A would be to two felonies of the third degree without any firearm specifications and in CR-22-668744-A to three felonies of the third degree, and the court explained the maximum penalties relative thereto. Stewart did not have any questions concerning the nature of the charges or the maximum penalties.

{¶ 7} After Stewart again requested the cases be tried together and a brief discussion, the trial court took a lunch recess. Upon resuming on the record, the trial court indicated that "[i]t appears during the lunch break, Mr. Stewart, you decided you want to accept the plea"; to which Stewart responded, "Correct." The trial court stated it had gone over the maximum penalties and constitutional rights and had already asked the questions typically asked for a plea. Counsel acknowledged the trial court's compliance with Crim.R. 11, and the trial court found

that Stewart's plea in both cases would be made "knowingly, voluntarily and intelligently." Pursuant to the plea agreement, Stewart entered a plea of guilty to five felonies of the third degree, which included two in the first case and three in the second case on the following counts:

CR-22-666760-A:

Count 2, as amended, attempted felonious assault.

Count 5, having weapons while under disability.

CR-22-668744-A:

Count 1, attempted felonious assault.

Count 3, attempted improper discharging firearm into a habitation.

Count 6, intimidation of a crime witness or victim.

{¶ 8} In each case, the trial court imposed a sentence of 24 months on each count to be served concurrent to one another, but consecutive to the other case, for a total of 48 months, with the sentences ordered to be served concurrent to a prison term Stewart was serving in another case.

{¶ 9} Stewart timely filed this appeal.

## II. Law and Analysis

{¶ 10} Stewart raises three assignments of error. He claims the trial court erred by (1) failing to conduct a plea colloquy in conjunction with Stewart's entry of a change of plea, (2) failing to explain the charges to which Stewart's pleas of guilty were being entered, and (3) incorrectly advising Stewart about the penalties he faced.

{¶ 11} It is well established that "[b]ecause a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; *see State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas" and "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Id.* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

{¶ 12} Under his first assignment of error, Stewart argues that the trial court failed to conduct a plea colloquy to ensure that his constitutional rights were protected at the time he was pleading guilty. His argument would have us view the morning and afternoon proceedings conducted on August 15, 2022, as different hearings. Despite acknowledging the discussion regarding his trial rights and penalties that occurred during the morning of the trial date, Stewart argues that the entire plea colloquy should have occurred contemporaneous with the entry of the plea during the afternoon proceeding. His argument for a "bright line rule dictated by the Constitution and Crim.R. 11" is, quite frankly, rather disingenuous. There is nothing in Crim.R. 11 that requires this, and Stewart cites no relevant authority that supports his argument.

{¶ 13} This case is not akin to *State v. Brinkman*, 165 Ohio St.3d 523, 2021-Ohio-2473, 180 N.E.3d 1074, which is cited by Stewart, wherein the court accepted Brinkman's guilty plea after having omitted certain constitutional rights from its initial colloquy with Brinkman, and then two days later, after the court noticed its omissions, engaged in a second colloquy with Brinkman but did not ask Brinkman to reenter his guilty plea. Rather, in this case the record reflects that before Stewart's guilty plea was accepted, the trial court fully complied with Crim.R. 11(C)(2)(c).

{¶ 14} That the trial court herein took a brief lunch recess before Stewart decided to accept the plea offer and to enter his guilty plea is inconsequential in this matter. The trial court was not required to start over. The record reflects that Stewart was fully informed of his constitutional rights and upon resuming the proceedings, the trial court stated to Stewart that it had "gone over all the maximum penalties all of your constitutional rights. And I've asked you all of the questions that I typically ask for a plea." Defense counsel and the assistant prosecutor acknowledged the trial court's compliance with Crim.R. 11, and the record reflects Stewart's understanding. Before accepting the plea, the trial court determined that "the defendant understands his constitutional rights, understands the nature of the charges, the effects of a plea and the maximum penalties that could be imposed." The trial court found that "Stewart's plea in both cases will be made knowingly, voluntarily and intelligently." Under the circumstances herein, the trial court was not required to readvise the defendant of his constitutional rights prior to accepting

his guilty plea upon a negotiated plea. *See State v. Williams*, 8th Dist. Cuyahoga No. 95853, 2011-Ohio-2551, ¶ 24.

**{¶ 15}** Consistent with Crim.R. 11(C), the trial court did not accept Stewart's pleas of guilty without first addressing the defendant personally and informing him of his rights and the consequences of his plea and determining the plea was understandingly and voluntarily made. Upon our review, we find the trial court fully complied with the mandates of Crim.R. 11(C)(2)(c). The first assignment of error is overruled.

**{¶ 16}** Under his second assignment of error, Stewart argues that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a), which requires the court to determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *." He argues the trial court's morning discussion of the plea offer did not include the nature of the charges, there was no discussion of how certain charges were amended to include the attempt statute, and that including this information at the time Stewart entered his plea did not constitute compliance with Crim.R. 11.

**{¶ 17}** Initially, we note that the applicable standard is no longer one of strict or substantial compliance. When a criminal defendant challenges a trial court's compliance with Crim.R. 11(C), we first consider whether the trial court fully complied with the relevant portion of the rule; and if it has not fully complied with the rule, then we consider whether the purported failure is of a type that excuses a defendant from the burden of demonstrating prejudice, and if a showing of

prejudice is required, whether the defendant's burden has been met. *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 17.

{¶ 18} The record herein demonstrates that Stewart understood the nature of the charges and maximum penalties involved. Stewart confirmed that he had spoken with his attorney regarding the offered plea agreement. When informing Stewart of the maximum penalties involved, the trial court specifically referenced the aggravated robbery charge in each case, informed Stewart of the felony degree for each count, and discussed merger and counts for which there were separate victims. Stewart did not express any confusion to the trial court about whether he understood the nature of the charges and possible penalties. Additionally, upon entering his pleas pursuant to the negotiated plea agreement, Stewart was specifically informed of each specific charge, or amended charge, to which he entered a guilty plea. As this court has repeatedly recognized, "'[i]n the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charges against him.'" *State v. Young*, 8th Dist. Cuyahoga No. 106843, 2018-Ohio-4892, ¶ 15, quoting *State v. Vialva*, 8th Dist. Cuyahoga No. 104199, 2017-Ohio-1279, ¶ 9; *accord State v. Crespo-Negron*, 8th Dist. Cuyahoga No. 107386, 2019-Ohio-1450, ¶ 1.

{¶ 19} Furthermore, even if the trial court had not fully complied with the rule, any purported failure was not of a type that would excuse Stewart's burden of demonstrating prejudice. Stewart's plea substantially reduced his criminal

exposure; and he does not argue, much less demonstrate, any prejudice that occurred. The second assignment of error is overruled.

{¶ 20} Under his third assignment of error, Stewart argues that the trial court provided an advisement that his convictions could also constitute a violation of postrelease control; however, Stewart was serving a prison term for another offense and was not on postrelease control. Even if the advisement on postrelease control was improper, a misstatement does not preclude a defendant's guilty pleas from being knowing, intelligent and voluntary when the misstatement occurs in isolation and the defendant cannot demonstrate any prejudice. *See Crespo-Negron* at ¶ 32, 40. Contrary to Stewart's argument, there is no evidence in the record that the trial court's advisement induced him to enter his plea, and Stewart has failed to establish that he was prejudiced. The third assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR