[Cite as *State v. Plozay*, 2023-Ohio-4128.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112599 |
| v. | : | |
| ANTHONY PLOZAY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 16, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-670917-A

*Appearances:*

Edward F. Borkowski, Jr., *for appellant.*

ANITA LASTER MAYS, A.J.:

## I.  Introduction

{¶ 1}   On February 1, 2023, defendant-appellant Anthony Plozay ("Plozay") entered a plea of guilty to failure to comply with order, signal of a police officer ("failure to comply"), R.C. 2921.331(B), a third-degree felony, as charged in Count 1 of the indictment, and attempted obstructing official business, R.C. 2923.02 and

2921.31(A), a first-degree misdemeanor, as amended in Count 2 of the indictment. On March 8, 2023, after receipt of the presentence-investigation report, Plozay was sentenced on Count 1 failure to comply to a 36-month prison term, a Class One lifetime driver's license suspension, and a $10,000 fine. On Count 2, attempted obstructing official business, Plozay was sentenced to time served. He was also ordered to pay costs. Plozay received jail-time credit for 84 days.

{¶ 2} Counsel appointed to represent Plozay in the instant appeal has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw as counsel. *Anders* held that where, after a conscientious examination of the case, appellate counsel is unable to find any meritorious issues for review, counsel may inform the court and request permission to withdraw from the case. *Id*. at 744. In addition, the request must be

> accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal.

*Id*. If this court determines that one or more legal points have merit, the defendant will be afforded counsel to argue the appeal. *Id*.

## II. Discussion of Potential Assignments of Error

{¶ 3} Counsel identifies four potential assignments of error but explains that the errors are not prejudicial and meritorious of review. After a thorough

independent review of the record, we grant counsel's motion to withdraw and dismiss this appeal.

**{¶ 4}** The four potential errors are:

Potential Issue 1: Whether the trial court complied with Crim.R. 11.

Potential Issue 2: Whether the sentence imposed is contrary to law.

Potential Issue 3: Whether the trial court erred by imposing a lifetime license suspension.

Potential Issue 4: Whether the trial court erred by imposing a maximum fine.

## A. Crim.R. 11 compliance

**{¶ 5}** A defendant's decision to enter a plea must be knowing, intelligent, and voluntary because a no-contest or guilty plea involves a waiver of constitutional rights. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; *see State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Enforcement of the plea is unconstitutional where the plea was not made knowingly, intelligently, and voluntarily. *Id.*, citing *id.*

**{¶ 6}** Crim.R. 11

> "outlines the procedures that trial courts are to follow when accepting pleas" and "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" [*Dangler*] at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

*State v. Stewart*, 8th Dist. Cuyahoga No. 112017, 2023-Ohio-1673, ¶ 11.

{¶ 7} In *Dangler*, the court determined that the former strict or substantial compliance standard for a Crim.R. 11(C) analysis "unduly complicated what should be a fairly straightforward inquiry." *Id.* at ¶ 17. "[T]he questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.*

{¶ 8} At the plea hearing, counsel for the parties confirmed that Plozay's plea was knowingly, intelligently, and voluntarily made. The record reflects the trial court failed to advise Plozay that he was also waiving his right to a bench trial. "The right to trial by jury is guaranteed by the Sixth Amendment to the Constitution of the United States, and it is one of the five constitutional trial rights a criminal defendant must be advised of." *State v. Lewis*, 8th Dist. Cuyahoga No. 107552, 2019-Ohio-1994, ¶ 12, citing *State v. Ballard*, 66 Ohio St.2d 473, 479, 423 N.E.2d 115 (1981). However, "[a] defendant's option to be tried without a jury, although provided in R.C. 2945.05, is not a constitutional right, neither is it mentioned anywhere in Crim.R. 11(C)." *Id.* "Crim.R. 11 does not require [the advisement] for the plea to be knowing, intelligent and voluntary." *Id.* at ¶ 14.

{¶ 9} A failure to comply with Crim.R. 11 has not been demonstrated. The first potential assignment of error lacks merit.

**B. Sentence contrary to law**

{¶ 10} The trial court sentenced Plozay to a 36-month term of incarceration on Count 1 and time served on Count 2. A sentence is contrary to law if the sentence falls outside of the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

{¶ 11} Failure to comply under R.C. 2921.331(B) is a third-degree felony subject to a prison term of 9 to 36 months pursuant to R.C. 2929.14(A)(3)(b). Plozay was sentenced to 36 months which is within the statutory range.

{¶ 12} A trial court must consider the purposes and principles of sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12 when imposing a felony sentence. *State v. Wagner*, 2023-Ohio-1215, 212 N.E.3d 1119, ¶ 28 (8th Dist.), citing *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 20. A trial court is not required under those statutes to make any specific factual findings on the record. *Id.*, citing *id.*, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Both R.C. 2929.11 and 2929.12 call on the sentencing court to consider what sentence is necessary to protect the public from future crime by the defendant, with R.C. 2929.12(E)(3) focusing specifically on whether the offender

had led a law-abiding life for a significant number of years prior to the offense at issue.

{¶ 13} The trial court recounted Plozay's involvement in "at least six very dangerous" activities related to vehicular incidents over the past few years and other concerns supporting that Plozay had not been living a law-abiding life. Thus, the record supports that the trial court considered the factors under R.C. 2929.11 and 2929.12 when sentencing Plozay. "While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. We add that the trial court stated in its journal entry that it considered all required factors of law, and that prison was consistent with the purposes of R.C. 2929.11. Therefore, we find that the trial court fulfilled its statutory requirements. *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶ 14} The second potential assignment of error lacks merit.

## C. Lifetime license suspension

{¶ 15} Plozay received a lifetime driver's license conviction for failure to comply under R.C. 2921.331(B). This was Plozay's second failure to comply conviction. R.C. 2921.331(E) and 4510.02(A)(1) provide that a Class One lifetime driver's license suspension is mandatory where the second failure to comply is a felony.

**{¶ 16}** The third potential assignment of error lacks merit.

### D. Imposition of maximum fine

**{¶ 17}** The trial court imposed a $10,000 maximum fine for the third-degree failure to comply felony under R.C. 2929.18(A)(3)(c) without considering Plozay's ability to pay it. The trial court stated that if Plozay paid off the court costs "which aren't going to be all that much * * * by not later than April 1, 2024, I will [reduce] that fine down to $3,000, okay? But I want [you] to work it off while you're in prison." (Tr. 42.) This statement by the court indicates that the trial court gave consideration to Plozay's ability to pay.

**{¶ 18}** The record reflects that Plozay was represented by appointed counsel who did not object to the fine and appellate counsel was appointed for appeal. However, as this court has acknowledged, "'a determination that a criminal defendant is indigent for the purpose of receiving counsel does not prohibit the trial court from imposing a fine.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 99806, 2014-Ohio-1422, ¶ 32, quoting *State v. Mock*, 187 Ohio App.3d 599, 2010-Ohio-2747, 933 N.E.2d 270, ¶ 62 (7th Dist.). "Ohio law does not prohibit a court from imposing a fine on an indigent defendant." *State v. Williams*, 8th Dist. Cuyahoga No. 92419, 2009-Ohio-5964, ¶ 8, citing *State v. Ramos*, 8th Dist. Cuyahoga No. 92357, 2009-Ohio-3064; and *State v. Roark*, 8th Dist. Cuyahoga No. 84992, 2005-Ohio-1980.

**{¶ 19}** The fourth potential assignment of error lacks merit.

## III. Conclusion

{¶ 20} As required by *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, this court has conducted a thorough review of the proceedings below and considered the arguments identified in counsel's *Anders* brief. We conclude that there are no arguable legal points on the merits of this matter. Counsel's request to withdraw is granted, and we dismiss this appeal.

{¶ 21} We remand the matter to the trial court, however, for two nunc pro tunc entries. "'The function of a nunc pro tunc entry is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth.'" *State v. Kimmie*, 8th Dist. Cuyahoga No. 98979, 2013-Ohio-2906, ¶ 20, quoting *Ruby v. Wolf*, 39 Ohio App. 144, 147, 177 N.E. 240 (8th Dist.1931).

{¶ 22} Though properly stated on the record, the judgment entries for the plea and sentencing provide that Plozay pleaded guilty to obstructing official business instead of attempted obstructing official business under R.C. 2923.02 and 2921.31(A), a first-degree misdemeanor, as amended in Count 2 of the indictment. The trial court shall enter nunc pro entries for the plea and sentencing to accurately reflect the offense of attempted obstructing official business under R.C. 2923.02 and 2921.31(A).

{¶ 23} Case dismissed and remanded.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR