[Cite as *State v. Martin*, 2024-Ohio-2633.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                  :

    Plaintiff-Appellee,               :

    v.                                          :

CARLOS MARTIN, SR.,                        :

    Defendant-Appellant.          :

No. 113177

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 11, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-670954-A

---

***Appearances:***

Edward F. Borokowski, Jr., *for appellant*.

LISA B. FORBES, P.J.:

{¶ 1} Defendant-appellant, Carlos Martin ("Martin"), appeals his sentence following his guilty plea. Martin's assigned appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and now seeks leave to withdraw as appellate counsel. After thoroughly reviewing the record, we grant counsel's motion to withdraw and dismiss the appeal.

## I. Facts and Procedural History

{¶ 2} In Cuyahoga C.P. CR-22-670954-A, on August 1, 2022, a grand jury named Martin in an 11-count indictment charging him with one count of having a weapons while under disability, four counts of drug trafficking, three counts of drug possession, two counts of receiving stolen property, and one count of possessing criminal tools. All the trafficking and drug possession counts had one-year firearm and schoolyard specifications.

{¶ 3} On July 31, 2023, Martin entered into a plea agreement with the State. Martin pled guilty to one count of having weapons while under disability, a third-degree felony; one count of trafficking, a second-degree felony; two counts of trafficking, third-degree felonies, both of which had schoolyard specifications; and, two counts of receiving stolen property, fourth-degree felonies. All other counts were dismissed.

{¶ 4} At the plea hearing, the trial court engaged in the Crim.R. 11 colloquy with Martin. The trial court advised Martin of his right to a bench or jury trial, his right to confront witnesses against him, the right to compulsory process, the right to have the prosecution prove him guilty beyond a reasonable doubt, and the right against self-incrimination. The trial court informed Martin of the maximum penalties for each count, including an explanation of the Regan Tokes sentencing range and the mandatory postrelease control. Throughout the hearing, every time the court asked Martin if had any questions he replied, "No," and indicated that he

understood what the court was saying to him. The court then found Martin's plea to be made knowingly, intelligently, and voluntarily, and accepted his guilty plea.

{¶ 5} On August 30, 2023, Martin was sentenced. As noted, the court stated it considered the oral statements made by Martin and the State, and looked at the purposes and principles of sentencing pursuant to R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender, pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution. The court found Martin was not amenable to community-control sanctions. The court found after considering the factors in R.C. 2929.12 that a prison term is commensurate with the seriousness of Martin's conduct, his impact on the victims, and that it is reasonably necessary to deter the offender in order to protect the public from future crimes.

{¶ 6} After considering the foregoing, the trial court then sentenced Martin as follows: Count 1, having weapons while under disability, two years in prison; Count 2, trafficking, five years in prison, with a possible indefinite term up to seven and a half years; Count 4 trafficking, two years; Count 6, trafficking, two years; Count 9, receiving stolen property, one year; and Count 10, receiving stolen property, one year. The court ordered the prison terms to be served concurrently for a total of five to seven and a half years. The court emphasized the mandatory-prison time of five years and imposed costs, but waived fines.

{¶ 7} Counsel appointed to represent Martin in the instant appeal filed a brief pursuant to *Anders*, 386 U.S. 738, and requested leave to withdraw as counsel.

*Anders* held that where, after a conscientious examination of the case, appellate counsel is unable to find any meritorious issues for review, counsel may inform the court and request permission to withdraw from the case. *Id.* at 744; *see also State v. Plozay*, 2023-Ohio-4128, ¶ 2 (8th Dist.). In addition, the request must be

> accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal.

*Id.* If this court determines that one or more legal points have merit, the defendant will be afforded counsel to argue the appeal. *Id.*

## II. Discussion of Potential Assignments of Error

{¶ 8} Martin's counsel identifies three potential assignments of error, but explains the errors are not prejudicial or meritorious upon review. The three potential issues for appeal are:

Potential Issue 1: Whether the trial court complied with Crim.R. 11

Potential Issue 2: Whether the sentence imposed is contrary to law

Potential Issue 3: Whether the indefinite sentence violated Appellant's rights

After a thorough independent review of the record, we grant counsel's motion to withdraw and dismiss this appeal.

## A. Potential Issue 1 — Crim.R. 11 Compliance

{¶ 9} Martin's first potential assignment of error alleges that the trial court failed to comply with Crim.R. 11, such that Martin's plea was not knowingly, intelligently, and voluntarily entered. We disagree.

{¶ 10} A defendant's decision to enter a plea must be knowing, intelligent, and voluntary because a no contest or guilty plea involves a waiver of constitutional rights. *State v. Dangler*, 2020-Ohio-2765 ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29 (1992); *State v. Clark*, 2008-Ohio-3748, ¶ 25. Enforcement of the plea is unconstitutional where the plea was not made knowingly, intelligently, and voluntarily. *Id.*, citing *id.* In considering whether a criminal defendant knowingly, intelligently, and voluntarily entered a guilty plea, we first review the record to determine whether the trial court complied with Crim.R. 11(C). *State v. Davner*, 2017-Ohio-8862, ¶ 41 (8th Dist.), citing *State v. Kelley*, 57 Ohio St.3d 127, 128 (1991).

{¶ 11} Crim.R. 11(C) sets forth certain constitutional and procedural requirements, which a trial court must comply with prior to accepting a guilty plea. *Id.* Under Crim.R. 11(C)(2), the trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 12} The Ohio Supreme Court recently summarized appellate review of compliance with Crim.R. 11(C) as follows:

Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Dangler* at ¶ 17. "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Id*. at ¶ 10.

{¶ 13} The *Dangler* Court further explained that no demonstration of prejudice is required in two limited circumstances. First, "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler*, 2020-Ohio-2765, at ¶ 14. Second, "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id*. at ¶ 15; *see also State v. Shields*, 2023-Ohio-1971, ¶ 6-7 (8th Dist.).

{¶ 14} The purpose of Crim.R. 11(C)(2) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty. *State v. Albright*, 2019-Ohio-1998 (8th Dist.), citing *State v. Woodall*, 2016-Ohio-294, ¶ 12 (8th Dist.). Whether the trial court accepted a plea in compliance with Crim.R. 11(C)(2) is subject to de novo review, based on the totality of the circumstances. *See, e.g., State v. Jackson,* 2014-Ohio-706, ¶ 6 (8th Dist.); *State v. Sims,* 2019-Ohio-4975, ¶ 72 (8th Dist.).

{¶ 15} Our review of the record shows the trial court complied with Crim.R. 11, so there is no need to conduct a *Dangler* prejudice analysis. *Dangler* at ¶ 17.

{¶ 16} As discussed above, at the plea hearing, the trial court advised Martin as to his right to a bench or jury trial, his right to confront witnesses against him, the right to compulsory process, the right to have the prosecution prove him guilty beyond a reasonable doubt, and the right against self-incrimination. The trial court informed Martin of the maximum penalties of each count, including an explanation of the Regan Tokes sentencing range and the mandatory postrelease control. Throughout the hearing every time the court asked Martin if he had any questions he replied, "No." Martin repeatedly indicated that he understood what the court was saying to him. After the aforementioned inquiries, and advisements, Martin entered his guilty plea. Under these circumstances we find that the court complied with Crim.R. 11 and that Martin made a knowing, intelligent, and voluntary decision to withdraw his previous not guilty plea.

**{¶ 17}** As a failure to comply with Crim.R. 11 has not been demonstrated, Martin's first potential assignment of error lacks merit.

### B. Potential Issue Two — Sentence is Contrary to Law

**{¶ 18}** Martin's second potential assignment of error alleges that his sentence is contrary to law. We disagree.

> A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. * * * Courts have "full discretion" to impose a sentence within the applicable statutory range. * * * Therefore, a sentence imposed within the statutory range, after considering the sentencing factors, is "presumptively valid."

*State v. Hinton*, 2015-Ohio-4907, ¶ 10 (8th Dist.). This court has held that a trial court "fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors." *Id*. at ¶ 11, quoting *State v. Smith,* 2014-Ohio-1520, ¶ 14 (8th Dist.), citing *State v. Saunders*, 2013-Ohio-490, ¶ 4 (8th Dist.). The trial court "need not go through each factor on the record — it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration." *Smith* at 14, citing *State v. Pickens*, 2008-Ohio-1407, ¶ 6 (8th Dist.).

**{¶ 19}** Consideration of the appropriate factors set forth in R.C. 2929.11 and 2929.12 can be presumed unless the defendant affirmatively demonstrates to the contrary. *State v. Jones*, 2014-Ohio-29, ¶ 13 (8th Dist.); *State v. Clayton*, 2014-Ohio-112, ¶ 7 (8th Dist.) ("[W]here a criminal sentence is within the statutory limits,

an appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so".).

{¶ 20} In the instant case, each sentence imposed is within the statutory frame work and, thereby, is not contrary to law, because the trial court had discretion to impose any sentence within the applicable ranges. Martin was convicted of one second-degree felony, three third-degree felonies, and two fourth-degree felonies. Second-degree felonies are punishable by a prison term of two to eight years; third-degree felonies by a term of 9 to 36 months; and, fourth-degree felonies by a term of 6 to 18 months. R.C. 2929.14(A)(2)-(4). Martin was sentenced to five years for the second-degree felony, 24 months for each third-degree felony, and 12 months on each fourth-degree felony. As such, Martin's sentences are not contrary to law.

{¶ 21} A review of the record also demonstrates that the trial court appropriately considered R.C. 2929.11 and 2929.12. During the sentencing hearing, the trial court expressly stated the following before sentencing Martin:

> After consideration of the record, the oral statements made today, looking at the purposes and principles of sentencing under Ohio Revised Code Section 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to Revised Code Section 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution, the Court finds that a prison term is consistent with the purposes and principles of sentencing set forth in Section 2929.11 of the Revised Code, and finds the offender is not amenable to an available community control sanction.

Furthermore, the Court has considered the factors set forth in Section 2929.12, and finds that a prison term is commensurate with the seriousness of the Defendant's conduct, his impact on the victims, and that it's reasonably necessary to deter the offender in order to protect the public from future crimes, and it would not place an unnecessary burden on government resources.

{¶ 22} Accordingly, because the sentences for Martin's felony charges were within the permissible statutory range and the trial court considered the required factors of law, Martin's sentence is not contrary to law.

{¶ 23} Martin's second potential assignment of error lacks merit.

## C. Potential Issue 3 — Regan Tokes Indefinite Sentence

{¶ 24} Martin's last potential assignment of error argues the trial court erred by violating Martin's constitutional rights by when it imposed an indefinite prison term on the second-degree felony pursuant to the Regan Tokes Law, R.C. 2967.271, which "requires that for certain first- and second-degree felony offenses, a sentencing court impose on the offender an indefinite sentence consisting of a minimum and a maximum prison term." *State v. Hacker*, 2023-Ohio-2535, ¶ 1. We disagree.

{¶ 25} As this court has previously explained, the Ohio Supreme Court has rejected the arguments that the Regan Tokes Law violates any constitutional rights. *State v. McLoyd*, 2023-Ohio-4306, ¶ 66 (8th Dist.) ("[T]he law does not violate the separation-of-powers doctrine, the right to jury trial, or the right to due process."), citing *Hacker* at ¶ 41. As such, Martin's third potential assignment of error is without merit and is overruled.

**{¶ 26}** Following our independent review of the entire record, we find that no meritorious arguments exist and that an appeal would be wholly frivolous. Appellate counsel's request to withdraw is granted, and the appeal is dismissed.

**{¶ 27}** Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
ANITA LASTER MAYS, J., CONCUR