[Cite as *State v. Heard*, 2025-Ohio-742.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                            :

    Plaintiff-Appellee,            :

    v.                             :

CARLTON HEARD,                           :

    Defendant-Appellant.           :

No. 113929

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 6, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676912-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and John Farley Hirschauer, Assistant Prosecuting Attorney, *for appellee*.

Goldberg Dowell & Associates LLC, and Adam Parker, *for appellant*.

---

SEAN C. GALLAGHER, J.:

{¶ 1} Carlton Heard appeals his guilty plea to involuntary manslaughter, felonious assault, having weapons while under a disability, and two attendant, three-year firearm specifications. For the following reasons, we affirm.

**{¶ 2}** On New Year's Eve 2019, the victim entered a Sunoco gas station located at East 55th Street and Woodland Avenue in Cleveland. Heard was inside the store with another individual, Michael Harrison, believed to be a leader of a local gang. Surveillance footage shows the victim making a purchase, leaving the store, and getting into his vehicle. Heard exited the store and retrieved a firearm from his own vehicle. As the victim began to pull out of the gas station, Heard ran in front of the vehicle and shot 11 times through the windshield. Two of the rounds hit the victim in the chest. He was transported to the hospital to undergo surgery and ultimately survived the shooting.

**{¶ 3}** Three years later, in an unrelated incident, Marcelous Tell went to a lounge in Warrensville Heights with his cousin at around 1:00 a.m. After a few minutes, Tell went outside to meet another cousin who had difficulty entering the lounge because of a misplaced identification. He sat outside with her for a bit before attempting to re-enter the club. At that time, a line formed on the ramp outside the door. Surveillance footage shows Heard leaving and re-entering the club several times to go to his vehicle. As Tell awaited re-entry, Heard retrieved a firearm from his vehicle and walked to the entrance of the club. Tell was standing a few feet in front of Heard, when suddenly, and without any provocation, Heard shot Tell from behind. The bullet entered just above Tell's right ear, exiting and striking a security officer standing at the entrance. Tell was pronounced dead shortly thereafter.

{¶ 4} Heard fled the scene with no apparent motive uncovered. At sentencing, Heard told the court that he shot Tell because Heard felt that Tell disrespected him at some unknown point in the evening.

{¶ 5} Heard was charged with 14 counts including aggravated murder and related charges, which carried the possibility of life in prison. In exchange for pleading down the significant charges to involuntary manslaughter, felonious assault, having weapons while under a disability, and two attendant, three-year firearm specifications for shooting three people, Heard agreed to a jointly recommended sentencing range of 23–25 years. That agreement included and acknowledged the additional indefinite sentence under the Reagan Tokes Law that was required in addition to the agreed-upon range. The court imposed a term of imprisonment of 25–30.5 years. Despite the rather favorable outcome given the severity of the original charges, Heard filed this delayed appeal challenging his guilty plea.

{¶ 6} In the sole assignment of error, Heard claims his plea was not knowingly, voluntarily, or intelligently entered because the trial court did not adequately advise him about the jury unanimity requirement or how many jurors would be on the panel. Heard concedes that the trial court advised him of his right to a jury as required under Crim.R. 11, and there is no dispute that when asked about the advisement, Heard indicated he understood his rights that he would be waiving by pleading guilty.

**{¶ 7}** Under Crim.R. 11(C)(2)(a), before accepting a plea of guilty in a felony case, the trial court must address the defendant personally and determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved . . . ." Crim.R. 11(C)(2)(a) and (b) identify the nonconstitutional rights that must be addressed before accepting a plea of guilty, while Crim.R. 11(C)(2)(c) identifies the constitutional rights that must be explained.

**{¶ 8}** In *State v. Dangler*, 2020-Ohio-2765, the Ohio Supreme Court held that when reviewing a plea challenge under Crim.R. 11, aside from two limited exceptions, the "traditional rule" applies under which "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106 (1990). "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108. Prejudice must be established on the face of the record. *Id.* at ¶ 24, citing *Hayward v. Summa Health Sys./Akron City Hosp.*, 2014-Ohio-1913, ¶ 26.

**{¶ 9}** A trial court failing to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) is one exception for which no showing of prejudice is required. *Dangler* at ¶ 14. This is distinguished from "when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy," in which case "a defendant must affirmatively show prejudice to invalidate a plea." *Id.* at ¶ 14, citing *State v. Veney*, 2008-Ohio-5200, ¶ 17. The other exception to the prejudice component of

the rule occurs only if a trial court completely fails to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 15.

{¶ 10} In reviewing a Crim.R. 11 challenge, the questions to be answered are "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17. Notwithstanding, there is no requirement that the trial court advise a defendant of every possible permutation of a constitutional right or to define every term used in the advisement, especially if the defendant expressly indicates his understanding of the advisement. *State v. Miller*, 2020-Ohio-1420, ¶ 22; *State v. McElroy*, 2017-Ohio-1049, ¶ 28 (8th Dist.).

{¶ 11} In this appeal, although he concedes the trial court advised him of his right to a jury trial during the plea colloquy, Heard claims the trial court failed to advise him of the substance of what the right to a jury trial means. He cites no authority to support his argument regarding the need for further explanation of the right to a jury trial. *See State v. Quarterman*, 2014-Ohio-4034, ¶ 19, citing *State v. Bodyke*, 2010-Ohio-2424, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part); *see also Russo v. Gissinger*, 2023-Ohio-200, ¶ 28 (9th Dist.), quoting *State v. Taylor*, 1999 Ohio App. LEXIS 397, *3 (9th Dist. Feb. 9, 1999) ("'It is the duty of the appellant, not [an appellate court], to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record.'").

{¶ 12} The trial court advised Heard of his right to a bench or jury trial, his right to confront witnesses against him, the right to compulsory process, the right to have the prosecution prove him guilty beyond a reasonable doubt, and the right against self-incrimination. At every step, the court inquired into whether Heard understood the rights being described. After the advisements, Heard indicated that he understood the rights as they were presented by the court. The trial court complied with Crim.R. 11, and therefore, Heard made a knowing, intelligent, and voluntary decision to withdraw his previous not guilty plea. There is no error. *See State v. Martin*, 2024-Ohio-2633, ¶ 16, 26 (8th Dist.) (concluding that because the trial court advised the defendant of the advisements required by Crim.R. 11 and the defendant acknowledged understanding those advisements, any appeal challenging the guilty plea would be wholly frivolous); *see also State v. Crawford*, 2023-Ohio-3791, ¶ 44-49 (8th Dist.) (dismissing appeal as no non-frivolous argument could be raised as to the guilty plea in light of the trial court's colloquy advising the defendant of his rights under Crim.R. 11 and the defendant's acknowledgment as to understanding the rights as explained); *State v. Garrison*, 2023-Ohio-1039, ¶ 13 (same); *State v. Sims*, 2019-Ohio-4975, ¶ 31 (8th Dist.).

{¶ 13} In light of the foregoing, Heard's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

convictions having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
DEENA R. CALABRESE, J., CONCUR